**No. 58181.**—Atlas Converting Co. *v.* United States, protest ˙148795–K (Providence).

Opinion by JOHNSON, J.  At the trial, the record in *Atlas Converting Co.* v. *United States* (26 Cust. Ct. 198, C. D. 1324), involving nylon yarn wound upon both cones and spools, was incorporated herein.  In the incorporated case, the court found nothing in the evidence submitted tending to controvert the correctness of the return of net weight of the nylon yarn, and the presumption of correctness of the collector's action not having been overcome, the court was constrained to overrule the protests therein.  In the pending case, it was held that there was no evidence introduced to establish that the invoice tare correctly represented the actual tare, rather than the tare returned by the Government weighers, whose weight returns stand presumptively correct, unless overcome by evidence presented before the court.  In view of the lack of evidence in the incorporated case as well as in the case at bar, the protest was overruled.

**No. 58182.**—J. W. Hampton, Jr., & Co., Inc. *v.* United States, protest 184942–K (New York).

Opinion by JOHNSON, J.  At the trial, a copy of a letter, dated April 28, 1952, addressed to the collector of customs by J. J. Flynn, the assistant surveyor, was admitted in evidence as exhibit 1.  The letter stated that the weigher's dock book showed that the 410 cases were weighed in two truckloads on Government electric platform scales, resulting in a total gross weight of 52,915 pounds; that the total tare allowance of 7,329 pounds was based upon actual tares of 3 cases out of the lot; that "Subsequent inquiry reveals that 10 cases out of the lot were tared by Ledoux & Co., weighers for importer and average tare found as 18.3 lbs. which applied to the entire 410 cases, made a total tare allowance of 7503 lbs."; and that "In view of the foregoing, this office believes government weighers dock tare of 3 cases to have been insufficient and not representative and therefore recommends that a total tare allowance of 7503 lbs. based upon merchants weighers tare of 10 cases, be made in reliquidation for the 410 cases in question." In view of the surveyor's letter, judgment was entered in favor of the plaintiff directing the collector to use as a basis of assessing duty the gross weight, less a tare of 7,503 pounds rather than 7,329 pounds.